AO 245B (Rev. 10/15) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

## District of Massachusetts

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| RONALD SCHUMAN | ) | Case Number: **1: 14 CR 10053 - MLW - 001** |
| | ) | USM Number: 96173-038 |
| | ) | Jonathan Rosenthal |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1349 & | Conspiracy to Commit Wire Fraud | 11/30/11 | 1 |
| 18 U.S.C. § 1343 | | | |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/11/2015
Date of Imposition of Judgment

_[signature]_
Signature of Judge

The Honorable Mark L. Wolf
United States District Judge
Name and Title of Judge

December 28, 2015
Date

DEFENDANT: RONALD SCHUMAN
CASE NUMBER:  1: 14 CR 10053  - MLW -  001

# PROBATION

The defendant is hereby sentenced to probation for a term of :     12     month(s)

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- [x] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- [ ] The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

DEFENDANT: RONALD SCHUMAN
CASE NUMBER: 1: 14 CR 10053 - MLW - 001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

**TOTALS** $ 0.00   $ 0.00

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: RONALD SCHUMAN
CASE NUMBER: 1: 14 CR 10053 - MLW - 001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 100.00 due immediately, balance due

☐ not later than _____ , or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 14-10053-MLW |
| | ) |
| RONALD LAWRENCE SCHUMAN, | ) |
| Defendant. | ) |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**WOLF, D.J.**

WHEREAS, on February 27, 2014, the United States Attorney for the District of Massachusetts filed a one-count Information charging defendant Ronald Lawrence Schuman (the "Defendant"), with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1343 (Count One);

WHEREAS, the Information also contained a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Information, of any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, including, but not limited to, $22,500 in funds paid by the FBI to purchase stock from the Defendant;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the

value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, on May 20, 2014, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Information, pursuant to a written plea agreement that he signed on May 6, 2014;

WHEREAS, in Section 11 of the plea agreement, the Defendant agreed to forfeit to the United States $22,500 in United States currency on the grounds that such amount constitutes, or is derived from, proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on May 20, 2014, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $22,500 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the amount of $22,500 in United States currency constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. § 1343;

WHEREAS, the United States has filed a Motion for Order of Forfeiture that would consist of a personal money judgment against the Defendant in the amount of $22,500 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $22,500 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.	This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3.	The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4.	The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5.	Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

_____
MARK L. WOLF
Senior United States District Judge

Dated: December 11, 2015